IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| TATIANA LOZHKINA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 6:26-cv-3001-MDH |
| | ) |
| KRISTI NOEM, *et. al.*, | ) |
| | ) |
| Respondents. | ) |

## ORDER

Before the Court is Petitioner's Emergency Motion to enforce order/judgment (Doc. 10). Respondent has filed a response, and the matter is now ripe for ruling.

On January 14, 2026, this Court granted Petitioner's Writ of Habeas Corpus and ordered Respondents to either release Petitioner or grant her a bond hearing within 10 days. Petitioner's original bond hearing was held on January 21, 2026, and pertained only to jurisdictional matters. On January 23, 2026, a subsequent hearing was held in front of the IJ. As a result of the bond hearing, the IJ imposed a bond of $20,000.

The Court has reviewed the order of the IJ. After questioning this Court's ruling on jurisdiction, the order of the IJ finds that Petitioner is not a danger to the community but does claim without factual explanation or support that she presents a flight risk.

The bond hearing has indications of predetermined outcome based on disagreement over our previous order. The IJ's reason for setting bond was fear of flight but no fact cited in the order supports flight. Instead, all facts would support conclusion that there is at most a minimal risk. The IJ's order enumerates that Petitioner: has been in the U.S. for 9 years, has not missed a court hearing, has family in the U.S. (husband and 3 children), and owns a home and operates a business

in the U.S. The IJ's determination regarding flight risk is clearly untethered by the facts and any logical conclusion to be determined from the facts. Notably, there is no discussion of alternative conditions.

In granting the habeas petition, this Court ordered a bona fide bond hearing be conducted based on facts and long accepted legal standards. Here, bond was set at $20,000 without any explanation or discussion of financial condition or alternative conditions which the law specifically requires to be considered. *See Hernandez v. Sessions*, 872 F.3d 976, 991 (9th Cir. 2017) (finding that the government failed to provide "adequate procedural protections" when setting a bond without considering financial circumstances or alternative conditions). Due process likely requires consideration of financial circumstances and alternative conditions of release. *Hernandez* at 99.

The Court hereby ORDERS release of Petitioner within 5 days unless a new bond hearing which complies with federal law is provided. If fear of flight is the basis of decision, the specific facts supporting the fear should be enumerated. The financial circumstances considered in setting bond should be considered and enumerated in setting any bond requirement. Alternative conditions should also be considered and discussed in the order.

**IT IS SO ORDERED**.

DATED: February 10, 2026

                                           */s/ Douglas Harpool*
                                           **DOUGLAS HARPOOL**
                                           **UNITED STATES DISTRICT JUDGE**